[13 NYS3d 533]

In the Matter of EFRAIN RAMOS, JR., a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 15, 2015

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition dated December 11, 2012, containing two charges. Following a prehearing conference on July 1, 2014, and a hearing on August 5, 2014, the Special Referee sustained the charges. The Grievance Committee now moves to confirm the report of the Special Referee and for imposition of such discipline as the Court deems just and appropriate. Although served with a copy of the motion papers, the respondent neither filed a response nor requested additional time in which to do so. We note, however, that the respondent, in a posthearing submission, asked that he be publicly censured and reinstated to the practice of law, in view of the mitigation evidence presented that he suffered a serious and disabling medical condition during the relevant time period.

Charge one alleges that the respondent engaged in a pattern and practice of failing to cooperate with the Grievance Committee by failing to submit written answers to four complaints of professional misconduct against him and by failing to submit

timely answers to others, in violation of rule 8.4 (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:

Complaint of Claudia Godoy

By letter dated December 7, 2009, the Grievance Committee provided the respondent with a complaint of professional misconduct from Claudia Godoy, who alleged that the respondent had neglected her legal matter. The respondent failed to either submit a written answer as directed, or contact the Grievance Committee in any manner. By letter dated January 4, 2010, sent by certified and regular mail, the respondent again was directed to submit a written answer. The respondent failed to submit a written answer to the Godoy complaint until February 18, 2010. By letter dated July 30, 2010, the respondent was directed to provide additional information regarding the Godoy complaint by August 16, 2010. The respondent failed to provide the additional information until October 18, 2010.

Complaint of Kawall Tulsiram

By letter dated March 4, 2010, the Grievance Committee provided the respondent with a complaint of professional misconduct from Kawall Tulsiram, who alleged that the respondent had neglected his legal matter. The respondent failed to either submit a written answer, as directed, or contact the Grievance Committee in any manner. By letter dated March 31, 2010, sent by certified and regular mail, the respondent was again directed to submit a written answer. The respondent failed to submit a written answer to the Tulsiram complaint until May 10, 2010. By letter dated July 30, 2010, the respondent was directed to provide additional information regarding the Tulsiram complaint by August 16, 2010. The respondent failed to provide the additional information until October 15, 2010.

Complaint of Maria Sanchez

By letter dated April 10, 2010, the Grievance Committee provided the respondent with a complaint of professional misconduct from Maria Sanchez, who alleged that the respondent had failed to giver her a full accounting of the estate matter he was handling for her. The respondent failed to submit his written answer until May 10, 2010. By letter dated July 30, 2010, the respondent was directed to provide additional information regarding the Sanchez complaint by August 16, 2010. The respondent failed to provide the additional information until October 15, 2010. By letter dated November 10, 2011, the

respondent was directed to submit a written answer to additional allegations made by Ms. Sanchez by November 21, 2011. The respondent submitted his written answer on December 8, 2011.

Complaints of Genoveva Colon and Leoncia Polanco

By separate letters dated September 22, 2010, the Grievance Committee provided the respondent with a complaint of professional misconduct from Genoveva Colon and a separate complaint from Leoncia Polanco, both of whom alleged that the respondent had neglected their legal matters. In a telephone call to the Grievance Committee's office on October 7, 2010, the respondent stated that he would submit his written answers by October 12, 2010. The respondent failed to adhere to that deadline, and in a telephone call to the Grievance Committee on October 15, 2010, stated that he would submit written answers on October 18, 2010. The respondent failed to either submit written answers on October 18, 2010, or contact the Grievance Committee in any manner.

By letter dated March 8, 2011, the Grievance Committee directed the respondent to bring his answers to its offices on March 14, 2011, when he was scheduled to be examined under oath about the pending complaints against him. The respondent delivered his written answers to the Colon complaint and the Polanco complaint on March 14, 2011.

Complaints of Frederick Shegog and Ernesto Pimental

By separate letters dated January 7, 2011, the Grievance Committee provided the respondent with a complaint of professional misconduct from Frederick Shegog, and a separate complaint from Ernesto Pimental, both of whom alleged that the respondent had neglected their legal matters. The respondent failed to either submit written answers as directed or contact the Grievance Committee in any manner.

By letter dated February 14, 2011, sent by certified and regular mail, the respondent again was directed to submit a written answer to the Pimentel complaint. The letter advised that, should the respondent continue to fail to cooperate, an application seeking his immediate suspension may be made.

By letter dated March 8, 2011, the Grievance Committee directed the respondent to bring his answers to its offices on March 14, 2011, when he was scheduled to be examined under oath about the pending complaints against him. The respondent delivered his written answers to the Shegog complaint and the Pimental complaint on March 14, 2011.

Complaint of Gloria Sobrian

By letter dated March 7, 2011, the Grievance Committee provided the respondent with a complaint of professional misconduct from Gloria Sobrian, who alleged that the respondent had neglected her legal matter. The letter directed the respondent to bring a written answer to the complaint on March 14, 2011, when he was scheduled to be examined under oath about the pending complaints. The respondent delivered his written answer on March 14, 2011.

By letter dated December 8, 2011, the respondent was directed to provide additional information regarding the Sobrian complaint within 10 days of his receipt thereof. The respondent failed to either provide the additional information or contact the Grievance Committee in any manner.

Complaint of James Bundridge and Sherry Bundridge

By letter dated May 12, 2011, the Grievance Committee provided the respondent with a complaint of professional misconduct from James Bunbridge and Sherry Bundridge, who alleged that the respondent had neglected their legal matter. The respondent failed to either submit a written answer as directed or contact the Grievance Committee in any manner.

By letter dated August 12, 2011, the respondent again was directed to submit a written answer to the Bundridges' complaint by September 12, 2011. The respondent failed to submit a written answer to the complaint or contact the Grievance Committee in any manner. By letter dated September 21, 2011, sent by certified and regular mail, the respondent was again directed to submit a written answer. In a telephone call to the Grievance Committee's office on September 30, 2011, the respondent stated that he would submit his written answer on October 17, 2011. The respondent failed to submit a written answer to the Bundridges' complaint until November 2, 2011.

First Sua Sponte Investigation and Complaints of Larbi Mohammed and Justina Pizzaro

By letter dated May 3, 2012, the respondent was informed that the Grievance Committee had commenced an investigation, sua sponte, based on his failure to reregister as an attorney with the Office of Court Administration. In this letter, the respondent was directed to reregister "forthwith," and to submit a written explanation for his failure to reregister within 10 days of his receipt thereof. The respondent failed to reregister, submit a written answer explaining his failure, or

contact the Grievance Committee in any manner. By letter dated June 20, 2012, the respondent was directed to submit a written explanation for his failure to reregister by July 9, 2012. The respondent failed to submit a written answer explaining his failure or contact the Grievance Committee in any manner.

By letter dated May 25, 2012, the Grievance Committee provided the respondent with a complaint of professional misconduct from Larbi Mohammed, who alleged that the respondent had not resolved a fee dispute with him. The respondent failed to either submit a written answer as directed or contact the Grievance Committee in any manner.

By letter dated July 19, 2012, the Grievance Committee provided the respondent with a complaint of professional misconduct from Justina Pizzaro, who alleged that the respondent had neglected her legal matter. The respondent failed to either submit a written answer as directed or contact the Grievance Committee in any manner.

By letters dated July 25, 2012 and September 4, 2012, sent by certified and regular mail, the respondent was directed to call the Grievance Committee upon receipt thereof. The respondent failed to comply with this request.

On September 13, 2012, during a telephone conversation initiated by the Grievance Committee, its Chief Counsel, Diana Maxfield Kearse, directed the respondent to reregister and submit a written explanation for his failure by October 15, 2012. The respondent failed to reregister, submit a written answer explaining his failure, or contact the Grievance Committee in any manner. During the same telephone conversation, Chief Counsel Kearse directed the respondent to submit written answers to the Mohammed complaint, and the Pizzaro complaint, by October 15, 2012. The respondent failed to either submit written answers to the complaints or contact the Grievance Committee in any manner.

Second Sua Sponte Complaint

By letter dated October 31, 2012, sent to the home address that the respondent provided to the Grievance Committee on September 13, 2011, he was informed that the Grievance Committee had commenced another investigation, sua sponte, based upon a complaint from the United States Bankruptcy Court for the Southern District of New York, which alleged that he had committed numerous acts of professional misconduct handling a Chapter 7 bankruptcy matter before that court. The letter

directed the respondent to submit a written answer to the complaint by November 13, 2012. The respondent failed to either submit a written answer as directed or contact the Grievance Committee in any manner.

Charge two alleges that the respondent engaged in a pattern and practice of failing to cooperate with the Grievance Committee by failing to comply with lawful demands in connection with its investigation into complaints of professional misconduct, in violation of rule 8.4 (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). By letter dated December 9, 2011, the Grievance Committee directed the respondent to provide, "forthwith," specified documents and additional information regarding several complaints of professional misconduct pending against him. The respondent failed to provide the specified documents and additional information or contact the Grievance Committee in any manner. By letter dated May 23, 2012, the Grievance Committee confirmed that the respondent had been directed to appear for an examination under oath on June 19, 2012. By letter dated June 15, 2012, the respondent was directed to bring the additional information regarding Sobrian's complaint, as well as previously specified documents and information.

On June 19, 2012, the respondent appeared at the Grievance Committee's office for an examination under oath, but failed to bring the previously specified documents and information. By letter dated June 20, 2012, the respondent was directed to provide the Grievance Committee with specified documents and information by July 9, 2012. The respondent failed to provide the specified documents and additional information or contact the Grievance Committee in any manner.

By letter dated July 25, 2012, sent by certified and regular mail, the respondent was directed to call the Grievance Committee upon receipt thereof. The letter stated that, as he was previously informed, his failure to comply with the Grievance Committee's directives constituted professional misconduct independent of the underlying complaint. The letter further stated that an attorney's failure to maintain or produce required records for an attorney escrow account will subject that attorney to disciplinary proceedings. Lastly, the letter stated that the respondent's continuing failure to cooperate may result in the Grievance Committee making an application for his immediate suspension. The respondent failed to comply with the Grievance Committee's request.

By letter dated September 4, 2012, sent by certified and regular mail, the respondent again was directed to call the Grievance Committee upon receipt thereof. The respondent failed to comply.

In a telephone conversation initiated by the Grievance Committee on September 13, 2012, the respondent was directed by Kearse to provide the previously specified documents and information by October 15, 2012.

By confirming letter dated September 13, 2012, sent to the respondent's home address, the respondent was directed to provide the previously specified documents and information by October 15, 2012. The letter reminded the respondent that failing to comply with the Grievance Committee's directives constitutes professional misconduct independent of the underlying complaints. The letter also stated, as had been explained to him by Kearse, that his continuing failure to cooperate may result in an application for his immediate suspension. The respondent failed to provide the specified documents and additional information or contact the Grievance Committee in any manner.

Unless indicated otherwise above, all of the Grievance Committee's initial letters to the respondent that forwarded him a copy of a complaint also directed him to submit a written answer to the subject complaint within 10 days of his receipt thereof, and advised him that an unexcused failure to respond constituted professional misconduct independent of the merits of the complaint. Unless indicated otherwise above, all subsequent follow-up letters again directed the respondent to submit a written answer to the subject complaint within 10 days of his receipt thereof. Unless indicated otherwise above, all letters from the Grievance Committee were sent to the respondent's business address. In or about August 2011, the respondent advised the Grievance Committee that he had moved his law office to 19 101st Avenue in Brooklyn. Thereafter, all letters were sent to the new business address.

In an amended answer to the petition, the respondent denied that he committed professional misconduct. He claimed that the responses and information requested were given either in written form or in deposition form. He asserted the following three affirmative defenses: (1) his responses to the underlying complaints were not timely because of "serious and life threatening medical issues"; (2) he sufficiently complied with the Grievance Committee's requests by offering testimony

under oath in lieu of written answers to the complaints; and (3) he detrimentally relied on the Grievance Committee's offer that he could respond by way of offering testimony in lieu of written answers.

The Special Referee sustained both charges. With respect to charge one, the Special Referee found that the respondent committed the acts complained of, but "that the 'pattern' was not voluntary but rather due to the illness that rendered him disabled." With respect to charge two, the Special Referee found that the respondent committed the acts complained of, but that "the information constituting explanation of the cases w[as] contained in the examination under oath dated March 14, 2011, February 3, 2012, and June 19, 2012, in mitigation of his actions." Further, with regard to mitigation, the Special Referee found that

> "the facts also support [the respondent's] position that he has been seriously ill from the year 2011 and that the Social Security Administration has and continues to classify [the respondent] as totally disabled which affected his ability to cooperate with the Disciplinary Committee regarding the original complaints made against him and that the credible evidence established both the severity of respondent's condition and its relationship to respondent's failure to comply with the directives of the Committee."

The respondent has a prior disciplinary history consisting of one letter of caution.

New York State Office of Court Administration records reflect that the respondent is delinquent in his attorney registration fees for three biennial periods: 2010-2011, 2012-2013, and 2014-2015.

In view of the evidence submitted in mitigation, consisting of the respondent's failing health beginning in 2010 and documented serious medical condition which rendered him disabled, commencing in 2011, all of which were found to be credible by the Special Referee, we find that a public censure is warranted.

Due to the respondent's delinquency in his failure to file biennial registration statements, and to pay his attorney registration fees for three consecutive registration periods, the respondent shall be reinstated as an attorney and counselor-at-law on condition that he file with the Clerk of the Court proof

of (1) payment of attorney registration fee arrears, including payment for the current registration period, and (2) his compliance with the continuing legal education requirements.

ENG, P.J., MASTRO, RIVERA, SKELOS and DICKERSON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Efrain Ramos, Jr., is publicly censured for his professional misconduct; and it is further,

Ordered that the respondent, Efrain Ramos, Jr., shall be reinstated as an attorney and counselor-at-law on condition that he file with the Clerk of the Court satisfactory proof of (1) payment of attorney registration fee arrears, including payment for the current registration period, and (2) his compliance with the continuing legal education requirements; and it is further,

Ordered that upon receipt of proof, as directed above, the Clerk of the Court shall restore the name of Efrain Ramos, Jr., to the roll of attorneys and counselors-at-law.